Judge Lane
delivered the opinion of the court:
This appeal, according to decisions heretofore made in this court, -must be quashed, unless it is protected by the provisions of the judiciary law passed at the last session of the general assembly. .'Section 4 of that act is as follows:
“That no exception to an appeal bond, in any case removed by appeal from a justice of the peace to the court of common pleas, -or from the court of common pleas to the Supreme Court, shall be *251 taken unless the same be done at the term of the court in which the appeal is entered, and the failure to take such exceptions at that time shall be considered as a waiver of all exceptions ; and if, upon exception taken, the bond shall be found to be defective, either in form or in any other respect, the appellate court may order a new bond to be given with such security, to the satisfaction of the clepk of said court; and if such new bond be given according to said order, said appeal shall not be dismissed, but the appellate court shall proceed to hear and determine the cause in the same manner as if the bond originally given had been sufficient; provided, that nothing in this section contained, shall be construed to extend to bonds not executed within the time limited by law for giving appeal bonds.”
It is the object of this section to provide for a class of eases of which this is one. The provision is a remedial one, calculated to aid in the advancement of justice, and should be interpreted liberally to effect that object.
But it is objected that, if this provision is construed to embrace this case, a retrospective operation is given to it. We see no reason why this should prevent its application. The appellee has no vested rights, in the forms of administering justice, *that precludes the legislature from modifying them, and better adapting them to effect their great ends and objects. The new law touches no executed power. It does no more than confer a jurisdiction, in a case pending and undetermined, where, without it, such jurisdiction would be declined by the court. It secures to the parties an investigation of their rights, in a case where a clerical mistake would, otherwise, preclude them from such investigation. The appeal is sustained.